LOUISE MEISE, Respondent, *v.* HENRY NEWMAN, Appellant, Impleaded with JOHN H. DOSCHER.

*Promissory note — notice of protest to an indorser — affidavit denying notice.*

It is absolutely necessary that a demand of payment of a promissory note should be made at the proper time and place, and notice thereof be given, in order to hold an indorser thereon.

Section 923 of the Code of Civil Procedure makes the certificate of a notary public of the presentment by him for acceptance or payment, and of the protest for non-acceptance or non-payment, and of the service of notice thereof on the parties to a note or bill *prima facie* evidence of those facts, unless the indorser, with his answer to an action on the note, or within ten days thereafter, serves an original affidavit to the effect that he has not received notice of the non-acceptance or non-payment of the note. Such certificate is, however, only presumptive evidence and may be rebutted.

APPEAL by the defendant, Henry Newman, from a judgment of the Supreme Court, entered in the office of the clerk of the county of New York on the 18th day of October, 1893, upon the verdict of a jury for $1,267.42, after a trial at the New York Circuit.

*J. H. Hull,* for the appellant.

*J. J. Flammer,* for the respondent.

VAN BRUNT, P. J.:

This action was brought to recover upon a promissory note, alleged to have been made by a firm doing business in the city of

Brooklyn under the name of Doscher & Co., and indorsed by the defendant and appellant Newman. The complaint alleged presentation of the note when due, protest and notice to the appellant. The answer set up a general denial. Upon the trial the note was proved, and evidence was given as to protest and the circumstances of the indorsement, and the question as to whether the appellant had indorsed the note to give credit to the same was submitted to the jury, who found a verdict in favor of the plaintiff, and from the judgment thereupon entered this appeal is taken.

Upon the termination of the plaintiff's case the defendant's counsel moved to dismiss on the ground, among others, that there was no proof of presentment. This was the only question reserved for consideration upon the argument of this appeal. We think this objection is fatal to the judgment.

It is undoubtedly true that a bill of exchange or promissory note, made and payable in this State, is not required to be protested in order to hold the indorser. All that is necessary is that a demand should be made, and the indorser notified of the failure of the maker to pay. But it is absolutely necessary that such demand should be made and notice given in order that the indorser may be held.

It is also true that by section 923 of the Code it is provided that unless a defendant alleged to have been an indorser upon a promissory note, with his answer, or within ten days after the service of the same, serves an original affidavit to the effect that he has not received notice of non-acceptance or of non-payment of the bill or note, the certificate of a notary public of the State, under his hand and seal of office, of the presentment by him for acceptance or payment, or of the protest for non-acceptance or non-payment, or of the service of notice thereof on a party to the note or bill, specifying the mode of giving the notice, and the reputed place of residence of the party to whom it was given, and the post office nearest thereto, is presumptive evidence of the facts certified. But such certificate is only presumptive evidence, and although the certificate of the notary was offered in evidence in regard to this note that it was duly presented for payment, which was duly demanded and refused, yet, upon an examination of the notary, it appeared that such presentment had not been made by him, and that he had no

personal knowledge of its having been presented.  He was *told* that it had been presented, and then protested the note and mailed notices. This was clearly insufficient.  It showed that he had no knowledge of the verity of his certificate, and the presumption of its accuracy was rebutted.

We think this difficulty is fatal to the judgment, and that it must be reversed and a new trial granted, with costs to appellant to abide the event.

FOLLETT and O'BRIEN, JJ., concurred.

Judgment reversed and new trial granted, with costs to the appellant to abide event.