J. E. ROBERTS v. O. K. WOLD.[1]

June 7, 1895.

Nos. 9303—(115).

**Negotiable Instrument—When Due—Notice of Protest.**

According to the Civil Code of Dakota territory, a promissory note, on its face payable on Sunday, but entitled to grace, becomes due on the following Wednesday. The probative force of the official certificate of a notary that he deposited in the post office notice to an indorser of the nonpayment of a bill or note is not overcome by evidence of its nonreceipt, standing alone, and unaccompanied by evidence that the notice was not in fact deposited in the post office. Wilson v. Richards, 28 Minn. 337, 9 N. W. 872, followed.

Appeal by defendant from an order of the district court for Houston county, Whytock, J., denying a motion to set aside a verdict in favor of plaintiff for $341.75, directed by the court, and for a new trial. Affirmed.

*E. H. Smalley*, for appellant.

*W. R. Duxbury*, for respondent.

MITCHELL, J. Action against defendant, as indorser of a promissory note executed by one Peters, and payable at Britton, D. T.

[1] Reported in 63 N. W. 739.

The only questions worthy of any special consideration relate to the steps taken at the maturity of the note to hold the defendant liable as indorser, viz.: (1) What was the last day of grace on the paper? and (2) should the court have submitted to the jury the question whether notice to the defendant of the dishonor of the note was deposited in the post office at Britton?

The note was executed and payable in Dakota territory, and on its face was payable October 20, 1889, which was Sunday. The note was protested for nonpayment on Wednesday, the 23d, whereas defendant claims that by the laws of the territory the last day of grace was on Thursday, the 24th. His contention is that, according to section 4492, Comp. Laws Dak. 1887, the day of apparent maturity of this note was Monday, October 21, and therefore, under section 4524 of the same Code, the maker was entitled to three days' grace thereafter. We are not referred to any decisions of the courts of Dakota territory or of the state of South Dakota construing these sections, but we are satisfied that defendant's contention is based upon a misapprehension of their meaning.

According to the law merchant, if a bill or note, without grace, fell due on a legal holiday, it was not payable until the next day. Section 4492 of the Code above cited is merely declaratory of this rule. But where the bill or note was entitled to grace the rule was exactly the opposite. Inasmuch as by the rules of the law merchant the debtor could not require the creditor to extend indulgence beyond three calendar days, theretore, when the last day of grace fell on a legal holiday, the bill or note would fall due the day preceding. Also if either the first or second day of grace was a legal holiday, it was nevertheless counted as one of the days of grace. The only change in this regard made by the Code of Dakota is to exclude legal holidays from the computation of the days of grace.

The plaintiff introduced in evidence the official certificate of the notary public who protested the note, certifying that on October 23 he served notice of protest by depositing the same in the post office at Britton, addressed to the defendant. It is not denied but that this service, if made, was sufficient, according to the laws of Dakota. It appeared that the defendant had resided in Britton, but prior to the maturity of the note had removed to another place, and had directed a friend to obtain his mail from the Britton post office, and

forward it to him at his new address. This friend testified that he called at the Britton post office for defendant's mail on October 20, and again on October 24, but there was no mail for him. He gave no reason why these particular dates should be impressed upon his memory after the lapse of about four years and a half. The defendant testified that he never received any notice of protest. On this state of the evidence defendant claims that the court should have submitted to the jury the question whether the notice was in fact deposited in the post office, as certified by the notary.

Evidence that a communication alleged to have been sent by mail was never received may, in many cases, justify a verdict or finding that it was never sent; but such evidence, standing alone, and uncorroborated, is not sufficient to overcome the probative force of the solemn official certificate of a notary public to his act of protest. The reasons for this rule are fully stated in Wilson v. Richards, 28 Minn. 337, 9 N. W. 872.

Defendant's other assignments of error do not require special notice. They are all disposed of by two very well-settled principles: First, that oral evidence is inadmissible to vary or contradict the implied terms of a written contract of indorsement of a bill or note; and, second, that mere passive delay on part of the holder of a promissory note in prosecuting his remedies against the maker will not release an indorser.

Order affirmed.