CHARLES H. LATHAM, Appellant, *v.* LOUIS H. SHEFF, Respondent.

Third Department, November 10, 1920.

Bills and notes — proof of protest — presumption arising on certificate of notary — right of defendant to contradict presumption — testimony creating issue of fact — judgment for defendant affirmed.

In an action by an indorser of a negotiable instrument to recover against a prior indorser the amount which the plaintiff was compelled to pay upon a default by the primary debtor, copies of certificates of protest and of due service thereof by mail upon the defendant at his place of residence which were certified by the Acting Comptroller of the Currency of the United States to be true copies of the original certificates of protest, are properly received in evidence in place of the original notices, and by virtue of section 923 of the Code of Civil Procedure become presumptive evidence of the facts certified.

Such certificates, however, are not conclusive evidence of such service of notice of protest, even though the defendant made no affidavit of non-service of notices of presentment and non-payment pursuant to section 923 of the Code of Civil Procedure.

Under the circumstances aforesaid the defendant may testify in the action that he did not receive the notices claimed to have been sent to him and this is competent and material proof that the notices were never mailed, notwithstanding the certificate of protest. Such testimony by the defendant raises a question of fact to be determined by the jury or the trial justice as the case may be.

Where the trial justice in a case tried without a jury found as a fact that the defendant did not receive the notices, after the evidence aforesaid, he decided a fact as to which the proof was diverse and as the decision is supported by the proof, a judgment for the defendant will be affirmed.

APPEAL by the plaintiff, Charles H. Latham, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Chenango on the 29th day of December, 1919, upon the decision of the court, rendered after a trial at the Chenango Trial Term, without a jury, dismissing the complaint.

*Hubert L. Brown,* for the appellant.

*William H. Sullivan,* for the respondent.

H. T. KELLOGG, J.:

This is an action by an indorser of two negotiable instruments to recover from a prior indorser the amount which the former was compelled to pay upon a default by the primary debtor. The question involved relates to the service of a notice of protest upon the defendant.

It is provided in section 923 of the Code of Civil Procedure that the certificate of a notary public of the service upon a party to a note or bill of exchange of a notice of its presentment and non-payment is "presumptive evidence" of the facts certified, unless the party against whom it is offered within ten days of joinder of issue has served upon the adverse party an affidavit that he has not received the notice. It is provided in section 944 that "a copy of a record or other paper, remaining in a department of the government of the United States, is evidence, when certified by the head, or acting chief officer,

for the time being, of that department." In this case no affidavit of the non-service of notices of presentment and non-payment were served by the defendant upon the plaintiff. Accordingly the plaintiff was permitted to introduce copies of two certificates of protest of the instruments in question, and of the due service thereof by mail upon the defendant at his place of residence, which were certified by the Acting Comptroller of the Currency of the United States to be true copies of original certificates of protest filed in his office. The copies were, therefore, properly received in place of the original notices, and had the same effect as would the originals, thereby becoming " presumptive evidence " of the facts certified. They were not, however, conclusive evidence of such service. It is true that in *Cuming* v. *Roderick* (28 App. Div. 253), a case in which a defendant testified without objection that he had received no notice of protest, the decision was stated in a head note to be as follows: " Held, that, by permitting such evidence to be received without objection, the plaintiff waived the conclusiveness which the notary's certificate would otherwise have had, in the absence of service of the affidavit required by the statute." There was no word in the opinion, and no fact involved in the decision which justified the statement that a certificate of protest is in any case *conclusive* evidence. The statute is clear that such evidence is merely *presumptive*, that is to say, evidence which does not itself prove service, but rather gives rise to a presumption by which the fact of service may be assumed. (*Meise* v. *Newman*, 76 Hun, 341.) Indeed, the law is now such that it might with good reason be claimed that upon the appearance of proof of non-service the statutory presumption entirely disappears. (*Potts* v. *Pardee*, 220 N. Y. 431; *Rose* v. *Balfe*, 223 id. 481.) In the *Potts* case McLAUGHLIN, J., said: " The presumption growing out of a *prima facie* case, however, remains only so long as there is no substantial evidence to the contrary. When that is offered the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely upon it." It is not necessary, however, to hold in this case that the presumptive evidence was wholly destroyed by the proof which the defendant gave. Nor is it necessary to hold that the testimony given by the

notary was insufficient to impart to the two certificates the character of common-law proof. We have a case in which the defendant has positively testified that he did not receive the notices claimed to have been sent to him. This was competent and material proof that the notices were never mailed. ( *Union Bank* v. *Deshel*, 139 App. Div. 218; *Oppenheimer* v. *Roberts*, 175 id. 424.) In the first case it was said that " proof of the non-receipt of the notice was competent on the question of whether there had ever been an actual mailing." In the *Oppenheimer* case it was said that evidence of the mailing of a notice of protest " was put in issue by the defendant's testimony that he did not receive such notice, and that presented a question of fact which the defendant had the right to have the jury determine." In the case now before us the defendant's testimony that he did not receive the notices made an issue for the trial justice. That issue was decided by him in favor of the defendant by his finding " That no notice of protest or notice of dishonor of the non-payment or non-acceptance of the said certificates was ever served upon or given to the defendant as required by law." Notwithstanding the remarks made by the trial justice in his opinion as to the evidentiary competency or value of the certified copies of certificates of service the facts are that he did receive them in evidence, that he did not strike them from the record, that he did not grant a nonsuit, but that, on the contrary, he did make findings and did find as a *finding of fact* that the defendant received no notices. The decision, therefore, went to the merits and decided a fact as to which the proof was diverse. We cannot say that the decision was not supported by the proof, and accordingly must affirm.

The judgment should be affirmed, with costs.

Judgment unanimously affirmed, with costs; KILEY, J., not sitting.