The Trusts and Guarantee Company, Limited, et al., as Executors of Samuel V. Venning, Deceased, Appellants, *v.* William N. Barnhardt, Respondent.

(Argued January 29, 1936; decided April 14, 1936.)

*Robert H. Koehler* for appellants. The substantive law of Canada governs upon the trial of the action. (*Waters* v. *Spencer*, 44 Misc. Rep. 15; *Merchants' Bank of Canada* v. *Brown*, 86 App. Div. 599.) The testimony of the defendant, that he had not received the notice, is wholly insufficient as a matter of law to raise an issue requiring submission to the jury. It is the mailing that is the vital part, and not the receipt of the notice. (*Gawtry* v. *Doane*, 51 N. Y. 84; *Arnold* v. *Railroad Co.*, 5 Duer, 207.) Under the Canadian Bills of Exchange Act, all of the formalities were strictly complied with and there was no such question as indicated by the Appellate Division to submit to the jury under the substantive law of Canada. (Canadian Bills of Exchange Act, §§ 103, 104, 106, 109, 114, ¶ 2.)

*Guy O. Walser* and *Howard J. Grace* for respondent. The plaintiffs' proof of service of notice of dishonor was wholly insufficient. (*Meise* v. *Newman*, 76 Hun, 341; *Townsend* v. *Auld*, 10 Misc. Rep. 343; *White & Sons* v. *United States Food Products Corp.*, 203 App. Div. 787; *Shoenbrun* v. *Tubby*, 222 App. Div. 56; *Hawkes* v. *Salter*, 4 Bing. 715; *Skillbeck* v. *Garbett*, 7 Q. B. 846; *Ontario Bank* v. *Burke*, 10 Ont. P. R. 561.)

Hubbs, J. This is an action to recover upon a demand promissory note made by Newton Wylie to the order of Samuel V. Venning, deceased, and indorsed by respondent. A verdict was directed for plaintiffs-appellants. The Appellate Division reversed and ordered a new trial upon the ground that it was error to refuse to receive testimony offered by respondent to the effect that he never received notice of dishonor and protest.

The note was made and payable in Toronto, Canada. It is conceded that the Canadian law controls and the Canadian statute was introduced in evidence. It does not differ in effect from our Negotiable Instruments Law (Cons. Laws, ch. 38). Under both statutes, a plaintiff makes a case against an indorser by proof of the indorser's

signature, the production of the note and the introduction in evidence of the notary's certificate showing the dishonor of the note and the mailing of the notice of protest.

The question presented for determination is whether testimony by a defendant indorser to the effect that he never received the notice of dishonor and protest raised a question of fact as to whether it was in fact mailed to him as certified by the notary in his certificate. If such testimony did not raise an issue of fact, the trial court was right in refusing to receive such testimony. On the other hand, if it did raise a material question of fact, the judgment of the Appellate Division must be affirmed.

It is a general rule that the law presumes that a letter properly addressed, stamped and mailed is duly delivered to the addressee. (*Calkins* v. *Vaughan,* 217 Ala. 56; *News Syndicate Co.* v. *Gatti Paper Stock Corp.,* 256 N. Y. 211.)

That presumption applies in an action against an indorser of a note both under the common law rule and under Canadian and New York statutes. Statutes making the certificate of a notary competent evidence do not preclude evidence, however, to the effect that a certificate of a notary is false in its statement that a notice was mailed. The falsity of such a certificate may be shown like any other material fact in a case by any competent evidence and as bearing on that question of fact evidence that the notice was not received would undoubtedly be competent.

The question still remains whether the testimony of an indorser that he did not receive the notice *standing alone* is sufficient to raise a question of fact which must be sent to a jury.

In some jurisdictions it has been decided that such evidence is sufficient to create a question of fact. (*Calkins* v. *Vaughan, supra; Kewanne Nat. Bank* v. *Ladd,* 175 Ill. App. 151; *Radin* v. *Creran,* 106 N. J. L. 460.)

The same rule has been announced by some courts in this State although the question has never been passed upon by this court. (*Union Bank* v. *Deshel*, 139 App. Div. 217; *Latham* v. *Sheff*, 193 App. Div. 576; *Reardon* v. *Olympic Theatre Corp.*, 231 App. Div. 875.)

In Canada the rule seems to be that a mere denial of the receipt of the notice does not create a question of fact.

A Canadian authority, Falconbridge on the Law of Banking and Bills of Exchange (4th ed., p. 486), says a mere denial of receipt is not an answer.

Other jurisdictions have adopted the rule that a mere denial of receipt of a notice does not create an issue of fact. (*Bovay* v. *Fuller*, 63 Fed. Rep. [2d] 280; *Bittenbender* v. *Bergen*, 277 Penn. St. 27; *First Nat. Bank of Manistee* v. *Star Watch Case Co.*, 187 Mich. 224; *Wilson* v. *Richards*, 28 Minn. 337; *Roberts* v. *Wold*, 61 Minn. 291.)

The Canadian statute (Bills of Exchange Act, R. S. ch. 119), provides:

Section 11. " A protest of any bill or note within Canada, and any copy thereof as copied by the notary or justice of the peace, shall, in any action be *prima facie* evidence of presentation and dishonour, and also of service of notice of such presentation and dishonour as stated in such protest or copy." (Revised Statutes of Canada, 1927, p. 280.)

Section 103. Subd. 2. " Such notice so addressed shall be sufficient, although the place of residence of such party is other than either of the places aforesaid, and shall be deemed to have been duly served and given for all purposes if it is deposited in any post office, with the postage paid thereon, at any time during the day on which presentment has been made, or on the next following juridical or business day " (p. 301).

By section 104 it is provided: " Where a notice of dishonour is duly addressed and posted, as provided in the

last preceding section, the sender is deemed to have given due notice of dishonour, notwithstanding any miscarriage by the post office " (p. 301).

The above quoted provisions apply to promissory notes. (§ 186, p. 316.)

In an action in this State against an indorser of a note made and payable in Canada, proof of presentment, non-payment and protest may be made in any manner authorized by the law of Canada. (Civ. Prac. Act, § 369.)

At common law a notary's certificate was not competent evidence. Notice of dishonor and of protest had to be established by common-law evidence. (*Schofield* v. *Palmer*, 134 Fed. Rep. 753.)

The statutes in question make the certificate *prima facie* evidence which, of course, means that it constitutes sufficient evidence until disputed by competent affirmative evidence offered by the indorser. Testimony that the notice was not received is competent as bearing upon the question of whether it was mailed. Is it sufficient to constitute a question of fact for a jury? To hold that it is, seems contrary to section 104 of the Canadian statute which provides in substance that if a certificate is properly mailed, it is sufficient even though it is lost in the mail.

In the case of *Wilson* v. *Richards* (*supra*) the court said: " But evidence of the non-receipt of the notice is, standing alone, incompetent to contradict the certificate. It might be competent or corroborating evidence if there were any testimony tending to show that the notice was not in fact deposited in the post-office, but not otherwise. If mere evidence of the non-receipt of the notice would justify the jury in finding the facts against the *prima facie* case made by the certificate, then it would be in the power of the jury to cast all the risks arising from delinquencies or accidents in the post-office department upon the holder of the paper, which is contrary to

the design and purpose of the statute. One jury might find one way upon it, and another the other way, so that practically there would be no certain established rule on the subject. The only way in which the holder could insure a reasonable degree of certainty in the matter would be to forego the provisions of the statute and of the law-merchant in regard to depositing the notice in the post-office, and send it by messenger. A vast amount of the business of the country is transacted by the instrumentality of commercial paper negotiated at great distances from the maker, and if the certificate of protest may be regarded as contradicted by the mere non-receipt of the notice, it is not difficult to see that a clog would be put upon its circulation, and the usefulness of this system of credits, which is so essential to commercial prosperity, would be seriously impaired." (Cf. *Shed* v. *Brett*, 1 Pick. 401.)

We are in accord with the reasons so clearly stated by the Minnesota court and believe that those reasons are applicable under the Canadian statute.

The order of the Appellate Division should be reversed and the judgment of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, O'BRIEN, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.