CHARLES J. GOELLER, Respondent, v. THE EQUITABLE LIFE ASSURANCE SOCIETY OF THE UNITED STATES, Appellant.

First Department, June 22, 1937.

*James D. Ewing* of counsel [*Alexander & Green*, attorneys], for the appellant.

*Le Roy Campbell* of counsel [*James P. Smith*, attorney], for the respondent.

UNTERMYER, J. The action was brought by the plaintiff on a policy of life insurance on the life of one Turley, which had been assigned to the plaintiff previous to the death of the insured on May 22, 1934. The defendant contended that the policy was not in force at the date of death on account of non-payment of a premium which became due on September 4, 1933. At the close of the entire case both parties moved for the direction of a verdict. The court directed a verdict for the plaintiff, on which judgment was entered, which the Appellate Term has affirmed, one justice dissenting.

It was conceded that the premium due on September 4, 1933, was not paid, but it was asserted by the plaintiff that due notice of premium had not been given. If so, then the policy did not lapse, the insured having died within one year from the date on which the premium became due. (Insurance Law, § 92.) On this appeal the defendant contends that the policy was a term insurance contract for one year or less and thus within a specific exception created by section 92 of the Insurance Law. It further contends that the evidence of non-receipt of the notice by the plaintiff was insufficient as matter of law to rebut the proof offered by the defendant that the notice had in fact been mailed. We prefer to rest our decision on this appeal on the latter ground.

Section 92 of the Insurance Law does not require that notice of premium shall be received by the insured or by the assignee of the policy. It only requires that notice of premium shall have been mailed. (*Wolarsky* v. *N. Y. Life Ins. Co.*, 120 App. Div. 99.) To establish that fact, section 92 provides that "the affidavit of any officer, clerk or agent of the corporation, or of anyone authorized to mail such notice, that the notice required by this section has been duly addressed and mailed by the corporation issuing such policy shall be presumptive evidence that such notice has been duly given." Such an affidavit was offered in evidence by the defendant and received. The defendant also made very satisfactory common-law proof by persons then in its employ that the notice had been mailed to the plaintiff at his address in New York city. The plaintiff then produced evidence of employees, together with his own testimony, that the notice had never reached its destination. Such evidence of non-receipt, however, was insufficient, since, if notice was mailed, though not received, the obligation imposed on the defendant by the statute was satisfied. This

does not mean, of course, that the plaintiff could not rebut the presumption created by the affidavit by proof that notice was not mailed. We only hold that proof of non-receipt was insufficient for that purpose.

In this respect the case is controlled by the decision in *Trusts & Guarantee Co.* v. *Barnhardt* (270 N. Y. 350), where it was held that testimony of an indorser on a note that he had not received notice of protest, was insufficient to create an issue of fact concerning mailing of the notice, established *prima facie* by a notarial certificate to that effect. Here, too, the statute was satisfied by the mailing of notice, though it may never have been received, and here, too, by statute, the affidavit was presumptive evidence of mailing. Although, as indicated in the opinion in *Trusts & Guarantee Co.* v. *Barnhardt* (*supra*), the authorities are divided on this question, it must now be regarded as definitely settled in this State.

The determination of the Appellate Term and the judgment of the City Court should be reversed and the complaint dismissed, with costs to the appellant in all courts.

MARTIN, P. J., DORE and COHN, JJ., concur.

Determination of the Appellate Term and judgment of the City Court unanimously reversed and the complaint dismissed, with costs to the appellant in all courts.