TITLE GUARANTEE AND TRUST COMPANY, Respondent, v. MAX A. GELLER, Appellant.— Action against an individual indorser of a note, who was an officer of the corporate maker of the note. Judgment in favor of the plaintiff and against the defendant, Max A. Geller, secretary of the corporation, unanimously affirmed, with costs. The notice of protest and dishonor sent to Geller, who was secretary of the maker, to the business address of the corporate maker, on the theory that it was also the business address of the indorser Geller, was a sufficient compliance with section 179 of the Negotiable Instruments Law. The proof establishes that the address of the corporate maker was 115 Broadway, New York city, to which the notice of dishonor was sent to the indorser Geller. That individual was secretary of the corporate maker and no notice that he had ceased to be secretary was sent to the payee; nor was there sent any notice that he had ceased to have any business relation with the corporate maker and, therefore, ceased to have a business address in the office of the corporate maker. Under these circumstances the evidence of other addresses, resident or business, possessed by the indorser was of no legal importance. So far as this transaction was concerned, his business address in relation to it was the same as that of the corporate maker. It is common knowledge that men have at times more than one place of business in connection with different business activities. The testimony of the defendant that he did not receive the notice of protest did not raise a question of fact requiring a submission to the jury of the issue of whether or not notice of protest had been duly sent to the indorser, pursuant to section 179 of the Negotiable Instruments Law. (*Trusts & Guaranty Co., Ltd.*, v. *Barnhardt*, 270 N. Y. 350.) Testimony of non-receipt does not negative the proof of the sending of due notice, since the sending of a notice of dishonor, duly addressed and deposited in a post office, is deemed to be due notice from a sender " notwithstanding any miscarriage in the mails." (Neg. Inst. Law, § 176.) The plaintiff's *prima facie* case on the issue of sending due notice was established by the notarial certificate and the record made in the regular course of business in his " protest book " by the notary. The notarial certificate was presumptive evidence " of the facts certified." (Civ. Prac. Act, § 368.) In so far as the facts certified were deficient, they were supplied, under section 374-a, by the proof of the entries made by the notary in the protest book. The contents of the notarial certificate were proof, under section 374-a of the Civil Practice Act, apart from section 368 of the Civil Practice Act. These two exhibits had the same verity and probative force as was given, pursuant to section 368 of the Civil Practice Act, to a notarial certificate without defect in *Trusts*

*& Guaranty Co., Ltd.*, v. *Barnhardt* (*supra.*) As defendant's evidence presented no issue of fact of legal significance, a direction of a verdict in favor of the plaintiff was proper. Present — Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ.