GLADYS BROWN, Appellant, *v.* PROVIDENT LOAN SOCIETY OF NEW YORK, Respondent.

Argued March 11, 1940; decided April 16, 1940.

*A. L. Geilich* and *Robert Morris* for appellant. The evidence justified the submission of the case to the jury

and supported the finding in favor of the plaintiff. (*Bernstein* v. *Greenfield*, 281 N. Y. 77; *Boyd* v. *Boyd*, 252 N. Y. 422; *Vatner* v. *Mackey*, 250 App. Div. 383; *Smith* v. *Smith*, 273 N. Y. 380; *Peck Distributing Corp.* v. *Kellogg Sales Co.*, 250 App. Div. 738; *Matter of Pinney*, 250 App. Div. 60; *Mays* v. *Mays*, 300 N. Y. Supp. 137; *Rooney* v. *Rooney*, 15 N. Y. Supp. [2d] 6; *Mansbacher* v. *Prudential Ins. Co.*, 273 N. Y. 140; *Newhall* v. *McCann*, 267 N. Y. 394; *Hogan* v. *Franken*, 221 App. Div. 164; *Robison* v. *Lockridge*, 230 App. Div. 389; *Dashnau* v. *City of Oswego*, 204 App. Div. 189; 236 N. Y. 542; *Persons* v. *Kruger*, 45 App. Div. 187; *Diehl* v. *Becker*, 227 N. Y. 318; *Frankenberger* v. *Schneller*, 258 N. Y. 270.)

*Neil P. Cullom* and *Frederick M. Schlater* for respondent. Where a witness is not impeached or contradicted and his testimony on the vital issue in a case is positive, direct and not incredible upon its face, it must be believed for judicial purposes and the trial court should dismiss the complaint or direct a verdict; he cannot permit the jury to speculate upon the truth or falsity of such evidence. (*Goeller* v. *Equitable Life Assur. Society*, 251 App. Div. 371; *Trusts & Guarantee Co.* v. *Barnhardt*, 270 N. Y. 350; *Title Guarantee & Trust Co.* v. *Geller*, 254 App. Div. 574; 278 N. Y. 742; *Chesapeake & Ohio Ry. Co.* v. *Martin*, 283 U. S. 209.)

LOUGHRAN, J. The parties were pledgor and pledgee. The action is one for conversion. The wrong alleged is that the defendant sold the pledge of the plaintiff without notice to her. The applicable law is this provision: " No pledge shall be sold unless written or printed notice of intention to sell with a statement of the article or articles to be sold has been first mailed by letter addressed to the pledgor at the address given at the time of pledging at least ten days prior to the date of sale." (General Business Law, § 49 [Cons. Laws, ch. 20].)

In his charge the trial judge submitted the issue to the jury as follows: " Bear in mind that the duty imposed upon the defendant is to mail such notice, and if you find that

it did so, even though the plaintiff never received it, then the defendant is not liable and your verdict must be for the defendant. If you find from all the evidence that the defendant did not serve notice by mail of its intention to sell, in that event only would the plaintiff be entitled to recover damages." The verdict of the jury was in favor of the plaintiff.

On appeal by the defendant to the Appellate Division the judgment for the plaintiff was reversed and the complaint was dismissed on the law. The ground of the reversal was that the defendant had incontrovertibly established that it had mailed a letter to the plaintiff in accordance with the requirements of the statute. We cannot accept that reading of the record.

A single employee handled for the defendant the mailing of letters to its pledgors pursuant to the statute. He testified to his general practice in doing this. If that practice was actually pursued in this instance the result doubtless was that the defendant's statutory duty to the plaintiff was discharged in full on October 26, 1935. But the habit of the defendant's witness to go through a fixed routine in the mailing of such letters did not without more necessarily require the inference that he had so transmitted to the plaintiff the particular letter here in question. (See *Hastings* v. *Brooklyn Life Ins. Co.*, 138 N. Y. 473, 477, 478.)

For business convenience each pledge taken by the defendant was earmarked by it with a numerical symbol. To that end the pledge made by the plaintiff was designated " T-56023." The defendant's witness identified a table of the defendant's symbols of such pledges to it as were in default on October 26, 1935. The witness had not prepared that so-called " list of loan numbers." Among the symbols appearing thereon was " 23 " which (the witness said) was an abbreviation of " T-56023 "— the symbol of the plaintiff's pledge. Opposite the " 23 " was a check mark. At the foot of the list were the rubber stamped words, " Checked by me personally with notices mailed on October 26, 1935." Beneath these words the witness had put his signature.

We think the court below overvalued the probative force of this exhibit. The check marks and the entry of the witness stood in need of interpretation as being a statement that each numerical symbol when checked had been found to correspond with an identical symbol then showing upon a notice of sale through the window of an envelope wherein the notice had been addressed for mailing. That interpretation the witness was unable to supply out of his present recollection. Hence the evidentiary value of the document was chiefly owing to its significance as a record of the past recollection of the witness. But he did not testify in any manner that the entries accurately represented his past knowledge. Such a suppletory oath is essential to the vitality of a record of past recollection. (2 Wigmore on Evidence [2d ed.], § 747.)

The Appellate Division said of the defendant's witness that " he testified from his records he was in a position to say that he had mailed the notice of sale to the plaintiff." (257 App. Div. 648, 651.) We do not discover that testimony. The witness was not asked whether he could so testify. He was asked whether he had mailed such a notice to the plaintiff and his answer was, " The records here would indicate that I did."

We find ourselves unable to say that a mailing to the plaintiff of the letter in question was here established beyond the possibility of fair controversy.

The judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur; LEHMAN, Ch. J., dissents.

Judgment accordingly.