In an action to recover on a policy of accident insurance, judgment, entered on .the verdict of a jury in favor of the plaintiff beneficiary, affirmed, with costs. The burden was on the defendant to establish the lapse of the insured’s membership and in order to do so it was necessary for defendant to prove the mailing of the assessment notice of August 12, 1940. In our opinion the evidence adduced was insufficient to establish such mailing. (Gardam é Son v. Batterson, 198 N. Y. 175.) If, however, we assume that the evidence was sufficient to sustain an inference that the notice was mailed, the question was, nevertheless, for the jury to determine. (Howell v. Hancock Mut. Life Ins. Co., 107 App. Div. 200, affd. 186 N. Y. 556; Hastings v. Brooklyn Life Ins. Co., 138 N. Y. 473; Brown v. Provident Loan Society, 282 N. Y. 453.) The jury could have found that the defendant had failed to establish the mailing of the notice, or, trader instructions by the court, to which no exception was taken, that the defendant had by its previous conduct waived the prompt payment of the assessment, that plaintiff had mailed her check in payment of the assessment on October 19, 1940, and that under such circumstances the insured was not in default even though the cheek was not received by defendant. Carswell, Nolan and Sneed, JJ., concur; Adel, J., dissents and votes to reverse the judgment on the law and the facts and to dismiss the complaint on the law, with the following memorandum: Plaintiff is the beneficiary of a benefit certificate issued by the defendant, a mutual co-operative assessment association, insuring, among other things, against loss of life by accidental means. The assured (more properly described as a member of the association) failed to pay an assessment levied August 12, 1940, payable on or before September 26, 1940, thus lapsing the original membership. He was killed in an accident on November 22, 1940. The beneficiary claims that on October 19, 1940, she mailed to the defendant her own check for $3, the amount of the assessment, and urges that inasmuch as in the past the company had frequently accepted payment of assessments from the assured after the due date, such course of conduct amounted to a waiver of the contract provisions that the coverage expired at the time stated in the notice. It is conceded that the check, if received by the *1029 company, was not cashed, and the proof is that the bank upon which it was drawn never received nor paid it. The beneficiary whose check it is alleged was mailed concedes that the amount of the check was never deducted from nor charged against her account. Under these circumstances, and in view of the contract provision requiring actual receipt of payment of past dues and assessments, it may not be said that a question of fact was presented as to whether or not the association, by reason of its past conduct, had waived the right to refuse to reinstate the membership. (Compare Heath v. Commercial Travelers ILut. Ace. Assn, of America, 255 App. Div. 990, affd. 280 N. Y. 823.) Appellant’s evidence of mailing the notice of assessment established the fact prima facie in accordance with the provisions of the contract. (Trusts é Guarantee Co. v. Barnhardt, 270 N. Y. 350; Goeller v. Equitable Life Assur. Soe. of ü. S., 251 App. Div. 371.) Hagarty, Acting P. J., concurs with Adel, J.