Ella Shillingsford, Appellant,
against
GEM Pawnbrokers.com, Respondent.



Appeal from a judgment of the Civil Court of the City of New York, Kings County (Pamela L. Fisher, J.), entered February 26, 2015. The judgment, after a nonjury trial, dismissed the action.




ORDERED that the judgment is reversed, without costs, and the matter is remitted to the Civil Court for a new trial.
Plaintiff commenced this small claims action to recover the principal sum of $4,500 as the value of items left with defendant pawnbroker, which items allegedly had been improperly sold. 
In a small claims action, our review is limited to a determination of whether "substantial justice has . . . been done between the parties according to the rules and principles of substantive law" (CCA 1807; see CCA 1804; Ross v Friedman, 269 AD2d 584 [2000]; Williams v Roper, 269 AD2d 125 [2000]). The determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Vizzari v State of New York, 184 AD2d 564 [1992]; Kincade v Kincade, 178 AD2d 510, 511 [1991]). This deference applies with greater force to judgments rendered in the Small Claims Part of the court (see Williams v Roper, 269 AD2d at 126).
Pursuant to General Business Law § 49, notice is required to be provided to a pledgor prior to the sale of the pledge:
"No pledge shall be sold unless written or printed notice of intention to sell with a statement of the article or articles to be sold has been first mailed by letter addressed to the pledgor at the address given at the time of pledging at least thirty days prior to the date of sale."
At a nonjury trial, plaintiff testified that she had received a loan from defendant and had left her jewelry with defendant as a pledge, that she had subsequently gone back to the store and had been told that she had more time before she had to pay interest, and that, when she had returned again, she had been informed that the jewelry had been sold. When the court inquired as to whether defendant had ever sent plaintiff notice in accordance with General Business Law § 49, defendant's witness failed to establish that such notice had been sent, and the court noted that [*2]defendant had an incorrect zip code for plaintiff (see Brown v Provident Loan Socy., 282 NY 453 [1940] [defendant pledgee did not "incontrovertibly establish[] that it had mailed a letter to the plaintiff in accordance with the requirements" of General Business Law § 49]).
As the Civil Court did not make any findings regarding whether the required notice had been sent, we find that the judgment dismissing the action failed to render substantial justice between the parties according to the rules and principles of substantive law (see CCA 1804, 1807).
Accordingly, the judgment is reversed and the matter is remitted to the Civil Court for a new trial.
Elliot, J.P., Pesce and Solomon, JJ., concur.
Decision Date: January 20, 2017