NEWS SYNDICATE COMPANY, INC., Respondent, *v.* GATTI PAPER STOCK CORPORATION, Appellant.

212

(Submitted April 16, 1931; decided May 12, 1931.)

*Jerome A. Strauss* for appellant. There was no default in the payment of the last invoice. (*Devlin* v. *City*, 124 App. Div. 184; *Heinemann* v. *Heard*, 62 N. Y. 448; *Goodwin* v. *Smith*, 72 Ind. 113.)

*Leonard P. Moore* for respondent. Defendant's default in payment resulted in the breach of its entire contract. (Pers. Prop. Law, § 126, subd. 2; *Helgar Corp.* v. *Warner's Features, Inc.*, 222 N. Y. 449; *Price* v. *City of New York*, 182 N. Y. 516; *McLear* v. *Balmat*, 238 N. Y. 568; *Danielson* v. *Morse Dry Dock & Repair Co.*, 235 N. Y. 439; *Heller & Brother* v. *Continental Mills*, 233 N. Y. 641; *Rabbe* v. *Squier*, 148 N. Y. 81; *K. S. Co.* v. *Inman*, 134 N. Y. 92; *Gardner* v. *Clark*, 21 N. Y. 399; *Eastern Forge Co.* v. *Corbin*, 182 Mass. 590; *Old Town Woolen Co.* v. *Tishman & Sons*, 218 App. Div. 472; *Barnes* v. *Dinslow*, 56 Hun, 640; 130 N. Y. 687; *Rathbone, Sard & Co.* v. *Virginia Iron C. & C. Co.*, 198 App. Div. 889; *Demarest* v. *Dunton Lumber Co.*, 151 Fed. Rep. 508; *Harris Lumber* Co. v. *Wheeler Lumber Co.*, 88 Ark. 491; *Kokomo Steel & Wire Co.* v. *Macomber & Whyte Rope Co.*, 128 N. E. Rep. 362.)

HUBBS, J.   This is an action by the seller against the buyer to recover damages, under an installment contract, because of an alleged breach of the contract by the buyer in neglecting to pay for an installment at the time stated in the contract.

The plaintiff is the publisher of a daily newspaper and a weekly magazine in the city of New York.   On December 30th, 1925, it entered into a contract with the defendant for the sale of all the waste paper accumulated at plaintiff's plant during the year 1926, the paper to be removed by defendant daily and the plaintiff to render invoices on the 1st and 15th of each month for the paper collected during the preceding fifteen days.   The defendant agreed to pay for the same at the rates specified in the contract " within fifteen days after presentation " of invoice.

From January 1st, 1926, to the date of the cancellation of the contract by the plaintiff, effective August 19th, 1926, the defendant removed from plaintiff's plant daily all waste paper in accordance with the terms of the contract.   Commencing early in 1926, the defendant failed to make payments on time.   The delay, commencing with the payment due June 1st down to the payment due July 30th, ranged from ten to twenty-three days.   The plaintiff repeatedly called the defendant's attention to the delay in making payments and advised the defendant that it could not be tolerated.   Under date of August 5th, the plaintiff, through its attorneys, advised the defendant by letter that unless the payment due on August 1st was made on or before August 9th, the plaintiff would rescind the contract.   That letter contained the following clause: " You have failed to keep your various promises concerning payments on many occasions and such conduct on your part cannot and will not be tolerated by our client any longer."   The payment to which that letter referred was made within the time mentioned therein.

On July 31st, 1926, the plaintiff billed the defendant for paper removed during the period from July 16th to July 31st, inclusive, which at the contract price amounted to $2,319.41. There is due proof of the addressing and mailing of the bill in question. The mailing of the bill created a presumption that it reached its destination. (*Hastings* v. *Brooklyn Life Ins. Co.*, 138 N. Y. 473, 477.) The presumption is "founded on the probability that the officers of the government will do their duty; and the usual course of business." (*Huntley* v. *Whittier*, 105 Mass. 391; *Henderson* v. *Carbondale Coal & Coke Co.*, 140 U. S. 25.)

The offices of both the plaintiff and the defendant were in the city of New York. The fact that letters mailed in the city are received at the place of business of the party to whom mailed the next day after mailing is a matter of common knowledge and the court could take judicial notice of the fact that a letter mailed by the plaintiff to the defendant would be delivered in the usual course of the mails on the following day, in the event that it was not a Sunday or holiday, and if a Sunday or holiday on the next succeeding business day. That fact has been recognized by an able and experienced justice, who was a resident of that city. (*Morel* v. *Stearns*, 37 Misc. Rep. 486.)

The presumption is strengthened in this case by the fact that the attorneys for the plaintiff wrote two letters to the defendant, one of which must have been received the day it was written, as the letter of the defendant in answer to it was dated the same day that the letter from the plaintiff's attorneys bears date. The defendant's letter in answer to the other letter was dated the next day after the date appearing upon the letter from the plaintiff's attorneys.

Since July 31st, 1926, was Saturday, the invoices may be presumed to have reached the defendant on August

2d, 1926. It should be noted also that the contract did not provide for the mailing of an invoice until August 1st.

The trial court found that the fifteen-day period, within which the defendant agreed to pay, expired on August 16th. In that the court was in error, as payment was only required to be made within fifteen days after presentation of invoices which, computed from August 2d, would be August 17th.

The defendant proved payment by the mailing of a check on August 16th, which check was dated on that day. The proof of mailing was incomplete, but no objection was made as to the sufficiency of the proof. In the absence of objection the evidence was sufficient to establish a mailing in the usual manner. (*Oregon Steamship Co.* v. *Otis*, 100 N. Y. 446–451.)

Presumably the check was received on August 17th. It is clear that the check was in the possession of the plaintiff on August 19th; was caused by plaintiff to be certified on that day and was charged against the defendant's account that day by the bank upon which it was drawn. It is entered on the plaintiff's books and deposited on August 21st. The plaintiff attempted to prove its usual course of business in the handling of checks which was to enter each check on its book on the day of receipt if during banking hours, otherwise on the following day. An exception to that rule is admitted in this case, because it is conceded that the check was in the possession of the plaintiff on the 19th, two days before it was entered on its books. In fact, there is an entire absence of proof on the part of the plaintiff as to when the check was received.

On August 18th the plaintiff's attorneys notified the defendant in writing that because of the defendant's breach of the contract, it had been canceled by the plaintiff and that August 19th would be the last day on which the defendant could take away the waste paper.

The burden was on the plaintiff to show an actual

default. It failed to establish a *prima facie* case. Its attempt to establish the defendant's default in paying, by testimony that it was plaintiff's custom to credit checks on its book the day received or the next day, and that defendant's check was not credited until the 21st, failed utterly when it conclusively appeared that it had the check in its possession on the 19th. When plaintiff rested its case, it was barren of any evidence that the defendant was in default on the 18th when the plaintiff's attorneys wrote to the defendant canceling the contract, and the complaint should have been dismissed.

The same result is reached if it be assumed that the plaintiff established a *prima facie* case in the first instance. After the defendant introduced testimony that the check was mailed on August 16th the burden of going forward with the evidence was cast upon the plaintiff. The plaintiff failed to assume that burden. The plaintiff failed to offer any evidence as to when the check was received. The testimony of the defendant's witness that the check was mailed on August 16th was not disputed. The check was dated on that day. There is a presumption that it was drawn and executed the day it bears date. In the absence of proof as to when it was received it was to be presumed that it reached the plaintiff on August 17th. That the check was received and cashed by the plaintiff is admitted. Therefore, the plaintiff, who had the burden of establishing the defendant's default, entirely failed to establish that the check was not received on or before August 17th and failed to sustain the burden of proving that the defendant was in default in the payment of the invoice of August 1st.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts. (See 256 N. Y. 678.)

CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ., concur.

Judgments reversed, etc.