NATIONAL CITY BANK OF NEW YORK, Plaintiff, *v.* MORRIS HORO-WITZ and Another, Defendants.

City Court of New York, Kings County, October 28, 1933.

*Wingate & Cullen,* for the plaintiff.

*Benjamin Horowitz,* for the defendants.

GEISMAR, J. Plaintiff presents evidence that notices of dishonor and protest were duly and seasonably served by mail on July eleventh. Defendants thereupon exhibit to the court two envelopes, each postmarked July fourteenth, so as to make it appear that the notices which admittedly were inclosed in these envelopes must have been put into the mailbox on July fourteenth and not on July eleventh. The postmaster was not called and no other evidence

was offered, either of a direct nature or for purposes of inferences as to the meaning, reliability or scope of these postmarks. There appears to be no legal presumption that because a letter is stamped as having been received at the post office or a substation on a particular date, that, therefore, it was deposited in the mailbox on that date or within a few hours of collection as regulated by the ordinary rules or custom of the post office fixing specific times of collection. The learned attorney for defendants has not furnished the court with any citations or authorities on this point. Learned counsel for the plaintiff cites Chamberlayne on Modern Law of Evidence, volume 2, section 1060, page 1264, which says: " It [the postmark] affords, however, no inference that the article was mailed on the day of the date indicated on the postmark." This textwriter cites a Connecticut and a Massachusetts case on this point. He also says (§ 1061, p. 1265): " The date of delivery cannot be inferred from the postmark of the receiving office." Wigmore in his monumental work on Evidence mentions the problem, but seemingly fails to discuss it (§§ 95 and 1674). As is well known, there is a presumption that when a letter is mailed it reaches its destination. (*News Syndicate Co.* v. *Gatti P. S. Corp.*, 256 N. Y. 211.) But there seems to be no authority for stretching the principle of legal presumption in favor of the defendants here so as to include a postmark. Furthermore, the additional evidence in favor of the plaintiff tends to show full knowledge. Upon the whole case I find for the plaintiff against both defendants. Submit findings and conclusions accordingly.