In the Matter of OLGA AGAR, Petitioner, *v.* BOARD OF ESTIMATE OF THE CITY OF NEW YORK et al., Respondents.

Supreme Court, Special Term, Kings County, December 20, 1966.

*Gabriel Arab* for petitioner. *J. Lee Rankin, Corporation Counsel,* for respondents.

JOHN E. CONE, J. In this article 78 proceeding petitioner moves to direct the respondents to accept and entertain her petition as timely filed and accord same due and proper consideration pursuant to section D17–25.0 of the Administrative Code of the City of New York.

The facts reveal that the petitioner was the fee owner of premises known as 83 Hendrix Street, Brooklyn, New York. The City of New York acquired title to these premises on December 1, 1965 as a result of an in rem foreclosure proceeding. Petitioner alleges that she called at the office of the Department of Real Estate in the Borough of Manhattan on or about February 9, 1966 to inquire about a reconveyance to herself of the aforesaid premises and she was advised by an employee of the Department of Real Estate that she would be required to submit a written application for such reconveyance.

She was then given a form of petition which was duly completed in longhand and, as claimed by her, mailed to the Department of Real Estate on or about February 24, 1966.

Thereafter the petitioner called at the office of the Department of Real Estate on several occasions to inquire about the status of her petition and was informed it was being processed. Subsequently the property was advertised for sale at public auction scheduled for July 21, 1966 at a minimum upset price of $7,500. Upon learning of said proposed sale the petitioner proceeded to the office of the Department of Real Estate and was informed that her petition could not be located. She was then given another petition and was requested to complete same and file it with the Department of Real Estate. Petitioner then retained counsel who immediately communicated with the Department of Real Estate, the Board of Estimate and the office of the Borough President of the Borough of Brooklyn and arranged to have said premises withdrawn from the proposed sale at public auction scheduled for July 21, 1966.

Counsel for petitioner prepared a new petition which was executed by her on July 27, 1966 and filed with the Board of Estimate on August 2, 1966 together with a certified check in the sum of $300 as requested. However, on September 14, 1966 the Corporation Counsel of the City of New York advised the Commissioner of the Department of Real Estate that such petition was not timely filed and that the application should be denied. Consequently the Board of Estimate refused to accept jurisdiction to entertain said application.

The section here involved is one to permit redemption by the person who was the vested owner of the property on the date of the filing of the delinquent taxes. The petitioner is such person. She seeks to have the Board of Estimate exercise its discretion under the appropriate provisions of the Administrative Code to grant, convey and release to her all of the right, title and interest of the city in the property. The statute requires that the applicant shall apply in writing to the Board of Estimate for such grant, conveyance or release within four months after the date of such acquisition by the city (Administrative Code of the City of New York, § D17–25.0). Since the city's title vested on December 1, 1965, the last date on which such petition could be filed expired on April 1, 1966.

Upon the facts adduced herein it appears that the petitioner mailed her first application to the Department of Real Estate on or about February 24, 1966. This constituted a receipt by respondent of the petition within the four-month period inasmuch as receipt is presumed if it is sufficiently addressed

and postage is paid (*Mishkind-Feinberg Realty Co.* v. *Sidorsky,* 189 N. Y. 402, 407).

It is a well-established rule that a letter properly addressed, stamped and mailed is presumed to have been delivered in the due course of mail. The presumption is founded upon the probability that officers of the government will perform their duty (*News Syndicate Co.* v. *Gatti Paper Stock Corp.,* 256 N. Y. 211; see, also, *Trusts & Guar. Co.* v. *Barnhardt,* 270 N. Y. 350; *Dulberg* v. *Equitable Life Assur. Soc.,* 277 N. Y. 17; *Aetna Ins. Co.* v. *Millard,* 25 A D 2d 341). Moreover, where the letter was mailed in the same city where it was to be delivered, there is a presumption that it was delivered the following day (*News Syndicate Co.* v. *Gatti Paper Stock Corp., supra*).

It is apparent that the first petition which could not be located by the respondent was timely submitted in writing by the petitioner in accordance with the provisions of section D17–25.0 of the Administrative Code of the City of New York. Accordingly, the motion is granted to the extent that the respondents are directed to accept and entertain this petition in the place and stead of the original petition claimed to have been mailed by the petitioner and to accord it due and proper consideration pursuant to the aforesaid section.