■ In the Matter of the Probate of the Will of WILLIAM GREENSPAN, Deceased. EMANUEL ZIMMER, Appellant; EVELYN GREENSPAN, Respondent.— Appeal from an order of the Surrogate's Court of Sullivan County, entered October 15, 1973, which denied the proponents' motion for summary judgment dismissing respondent's objections to the probate of the will of William Greenspan, deceased. Decedent died March 16, 1972 in the State of Florida survived by a widow, the respondent Evelyn Greenspan, and two daughters by a previous marriage. The widow obtained letters of administration from the Surrogate of Sullivan County on September 5, 1972 and instituted a proceeding to discover certain property. The proceeding was stayed by appellant herein when

he filed a petition for probate of a certain instrument purporting to be the last will and testament of the decedent dated February 1, 1968, whereby decedent left his entire estate in equal shares to his two daughters. On January 17, 1973 testimony of the two subscribing witnesses was taken and, at the conclusion thereof, the attorneys for the respective parties stipulated that respondent would have 10 days to file formal objections to probate, the time to be measured from the receipt by respondent's attorney of notification by appellant's attorney that there was no other file or memorandum in his office relating to the execution of the instrument offered for probate. On January 22, 1973 appellant forwarded a letter to respondent's attorney by certified mail, return receipt requested, advising that no will file existed. Receipt of this letter may be presumed (*Aetna Ins. Co. of Hartford, Conn.* v. *Millard*, 25 A D 2d 341). No objections were filed until March 21, 1973 and, as a result, appellant moved for summary judgment dismissing the objections as untimely and insufficient in law. The order denying the motion must be reversed. The stipulation limiting the time for filing objections was clear and unequivocal and compliance therewith was mandatory (SCPA 1410). Furthermore, nothing contained in the record can establish good cause for abrogating the stipulation (*Matter of Frutiger*, 29 N Y 2d 143; *Myers* v. *Bernard*, 38 A D 2d 619; 2A Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 2104.02). An examination of the testimony of the subscribing witnesses clearly establishes prima facie validity of decedent's will. There is no claim of fraud, undue influence or lack of testamentary capacity, nor does respondent set forth sufficient evidentiary facts to raise any triable issue of fact to defeat a motion for summary judgment (*Matter of Healy*, 60 Misc 2d 447; *Matter of Flasza*, 57 Misc 2d 347; 4 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3212.05). Order reversed, on the law and the facts, and objections dismissed, without costs. Herlihy, P. J., Greenblott, Cooke, Kane and Main, JJ., concur.