OPINION OF THE COURT
Rudolph L. Mazzei, J.
Defendant is charged with having violated chapter 85 of article V (§ 85-23, subds A, B) of the Code of the Town of Brookhaven in that it did permit premises to be used for a nonpermitted use by operating a real estate business from a residential district. Wayne Kovarik is a licensed real estate broker doing business, as Cully Realty, Inc. The defendant corporation is a closed corporation with the broker as its sole stockholder. The business address, which is 764 North Ocean *558 Avenue, Patchogue, New York, is also the broker’s primary and sole residence. That part of his two-story home devoted to his professional business is less than one third of his home’s first floor area. The defendant employs no other real estate sales persons and, in fact, employs only a parttime secretary.
Defendant, through its sole stockholder, admitted during trial that it operates a real estate business from the above premises. The defendant contends that the operation of such business is a permitted accessory use under chapter 85 (§ 85-23, subd B) of the Code of the Town of Brookhaven and such paragraph refers to those accessory uses permitted under subdivision B of section 85-7, which states in pertinent parts, as follows: “Office of a physician, lawyer, architect, teacher or similar professional person residing on the premises, and when such use is incidental to such residence; provided however, that such use shall be within the main building and occupying not more than one-third of the first floor area”.
The defendant raises the argument that nowhere in the Town Code does it state that the operation of a real estate agency is a "business” which is prohibited. In fact, the defendant maintains that a real estate broker is a “similar professional person” to an architect, lawyer, teacher or doctor and for each the standard is the same: State licensing, required education, examination before licensing, a period of apprenticeship, etc. The defendant urges the court to find this section of the code unconstitutional and void for vagueness.
The United States Supreme Court, in Grayned v City of Rockford (408 US 104, 108-109), explained the void for vagueness doctrine: “It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application”.
The void for vagueness test, therefore, may be articulated as *559 a two-pronged test. First, a statute must be sufficiently definite so as to provide fair notice of the required or prohibited conduct. Second, a statute must provide explicit and objective standards by which violation may be determined. Applying the two-pronged void for vagueness test, this court can conclude that the ordinance fails on both accounts.
First, the defendant is not given sufficient notice that its conduct is prohibited by the ordinance. The factual part of the information alleges that the defendant "did permit subject premises to be used for a non-permitted use, to wit: operating [a] real estate business from [a] residence district”. Nowhere in section 85-23 or 85-7 is the operation of a real estate agency defined as a "business”. Nowhere in the ordinance is the operation of a real estate agency prohibited or even mentioned.
Furthermore, the defendant has conceded it operates a real estate agency. The defendant contends, however, that such agency is a permitted accessory use under subdivision B of section 85-23 and subdivision B of section 85-7, in that a real estate agent is a "similar professional person” within the meaning of the ordinance. (See Building Zone Ordinance of Town of Brookhaven, § 85-7, subd B, par 2.) The prosecution in this case has taken the opposite position and in a memorandum of law presents two judicial authorities, from other jurisdictions, and various scholarly treatises which suggest that a real estate agency is a business. However, nowhere in section 85-23 or 85-7 is the term "professional person” defined. Nowhere in the ordinance is it specifically provided that the term "professional person” does not include a real estate agent or broker.
If the "notice” requirement of the void for vagueness doctrine means anything, it means that an individual must be afforded sufficient prior notice. The prosecution in this case has, in effect, charged the defendant with an offense, a charge which could subject the defendant to a fine or imprisonment or both upon conviction, and now purports to define the precise nature of that offense in the courtroom through supporting memoranda. An individual cannot be expected to consult judicial authorities or scholarly treatises in order to determine whether his contemplated course of conduct is prohibited by a vague ordinance. Furthermore a defendant may not be charged with an offense and be required to wait *560 until trial for the prosecution to define the exact perimeters of the prohibited conduct.
In sum, the defendant in this case operated a real estate agency under the reasonable assumption that: (1) the operation of a real estate agency is not specifically prohibited by the zoning ordinance; and (2) the operation of a real estate agency is a permitted accessory use, in that a real estate agent is a similar professional person within the meaning of the permitted accessory use ordinance. The prosecution has charged the defendant with the violation of the zoning ordinance, and purports to explain that although the operation of a real estate agency is not specifically prohibited by the ordinance, the operation of a real estate agency is really a "business” and therefore a real estate agent is not a professional person within the meaning of the permitted accessory use ordinance. The ordinance is required to be sufficiently definite so as to give an individual fair warning of its requirements. Second, there are no readily ascertainable standards by which this court may determine whether the defendant violated the ordinance. The ordinance should be sufficiently definite so that the conduct of the defendant may be measured against its requirements or prohibitions in order to accurately resolve the question of guilt. It must be remembered that the determination to be made in this case concerns the culpability of the defendant. What is more troubling in this instant matter is the fact that the defendant readily concedes it is operating a real estate agency from the subject premises, but is doing so as a permitted accessory use as a similar professional person pursuant to the provisions of the ordinance.
Measuring the conduct of the defendant against the plain and simple wording of the ordinance, this court cannot, with any degree of certainty, decide whether the defendant has in fact violated the ordinance. It seems that in order to accurately resolve the question of guilt in this case, the court would have to undertake a cumbersome analysis to determine whether a real estate agent is a "similar professional person” within the meaning of the ordinance. The court would be required to discover and examine all the various factors, tangible and intangible, which make physicians, lawyers, architects and teachers "professionals” under sections 85-7 and 85-23. What are the common characteristics, peculiar to physicians, lawyers, architects and teachers, which allow them to be designated as "professionals” within the narrow context of *561 a building zone ordinance? Education? State licensing? Types of clients? The relative need of the community for different services? The court would then be required to determine if these essential characteristics are also possessed by a real estate agent. The critical shortcoming, in terms of the void for vagueness doctrine, is that this entire decision making process is so subjective and value laden that it is essentially meaningless. The result is arbitrary and discriminatory application of the ordinance. Objective and uniform enforcement is impossible.
This court concludes that the Building Zone Ordinance is impermissibly vague. The individual is not given prior notice of the ordinance requirements and town investigators and the courts are not given explicit standards by which uniform application of the ordinance may be effected. Since the defendant was charged with violation of subdivisions A and B of section 85-23, and since these sections refer back to subdivisions A and B of section 85-7, the ordinances are so interrelated that they may not be separated and must necessarily stand or fall together.
This court is fully cognizant of the serious course it has undertaken, and proceeds, albeit cautiously, nonetheless. This court must be fact sensitive and responsive to public policy. Zoning ordinances have been placed peculiarly within the province of local town boards. The Legislature has decided that town boards are in the best position to promulgate building zone ordinances for the purpose of promoting the health, safety, morals or the general welfare of the community. (See Town Law, § 261.) However, impermissibly vague laws offend our sense of justice and fair play, and indeed are not tolerated by the United States Constitution and the New York State Constitution. Nowhere does the court have a greater responsibility than in a criminal or quasi-criminal matter, whereupon the conviction of the defendant may suffer fines or imprisonment or both. Where the statute or ordinance pursuant to which such prosecution has been undertaken is impermissibly vague, the court is shunning its responsibility to justice if it merely finds the defendant not guilty and avoids the real issue. Rather, this court must take the initiative and purge this ordinance from the law books.
For the reasons stated above, this court holds that subdivisions A and B of section. 85-23 and subdivisions A and B of section 85-7 of the Code of the Town of Brookhaven are *562 unconstitutional in violation of due process guaranteed by the Fourteenth Amendment of the United States Constitution and section 6 of article I of the New York State Constitution. The defendant in this case, therefore, may not properly be charged with the violation of these ordinances and is, therefore, not guilty of the violation charged.