OPINION OF THE COURT
Martin I. Kaminsky, J.
Defendant is charged with zoning violations, arising from work done, allegedly without a required building permit, on the stable at premises which he owns within the Village of Muttontown. The evidence at the trial proved the charges beyond a reasonable doubt.
At the conclusion of the trial, defendant moved to dismiss the case on the ground that he did not receive a copy of the charges against him, and thus did not have proper notice of the alleged violation. Defendant also contends that, in any event, the pertinent village ordinance is unduly vague and, therefore, is unconstitutional.
I.
NOTICE OF CHARGES
The attorneys for the village mailed a letter to the defendant, via certified mail, return receipt requested (RRR), under date of December 3, 1981. It stated that the defendant was being charged with having “enlarged and altered a building containing stables, or permitted the *264 same to be done on the above property, without filing the necessary surveys with the Building Inspector and obtaining a building permit as required by the Village building zone ordinance.” The letter continued with an admonition that, if appropriate corrective action were not taken by defendant “within ten days of receipt of this letter”, the village would commence enforcement proceedings against defendant, and that “every day the violation continues, after you have been provided with notice thereof, constitutes a separate violation and that you could be fined up to a maximum of $250 for each separate violation.”
The issue of proper notice of the alleged violation turns upon the sufficiency of that letter. The prosecution proved at trial that the letter was, in fact, mailed, by certified mail, return receipt requested, addressed to the defendant at 2216 State Route 106, Syosset, New York 11791, and that that is the residence of the defendant. The evidence further established that the letter was received at that address by one J. Russo on December 4, 1981. The village building inspector, Joseph Frye, testified that he had met a J. Russo on the premises earlier in 1981, at which time Mr. Russo was doing work there (indeed, on the stable in question). The letter, thus, was received at defendant’s residence by a person who, at least at one time, had done work for defendant at the premises.
There appears to be no authority squarely in point on what constitutes proper service of notice of a violation of the type here at issue. Apt analogy may be had, however, to questions of notice and knowledge in other areas of the law. For example, CPLR 308 (subd 2), permits service of civil process upon “a person of suitable age and discretion at the * * * usual place of abode of the person to be served”, when coupled with mail service.
Defendant argues that the notice and service here were insufficient because “knowledge of the underlying fact which renders one’s act criminal is generally essential to conviction”, citing Morissette v United States (342 US 246) and People v Flack (125 NY 324, 334). Defendant interprets this rule to mean that the People were required to show that he himself actually received the letter in question if *265 the People wished to establish that he had sufficient knowledge of the alleged violation.*
The pertinent provision of the statute, section 10.2 (B) of article 10 of the Building Zoning Ordinance, which deals with the notice requirement, provides as follows: “If any said person fails to obey any such violation of this ordinance within five (5) calendar days after written notice has been served personally upon said person, or within ten (10) days after written notice has been sent to said person by Registered Mail at said person’s home or business address, said person shall be subject to a civil penalty of $250.00 for each and every day said violation continues, recoverable by suit”.
Although the statute refers only to “registered mail”, the court finds that dispatch via certified mail is essentially the equivalent of registered mail, and will satisfy the statute. Both such forms of mail assure recordation by the postal officials of the actual dispatch and, where return receipt is requested, of the receipt of the matter being mailed. In this case, mailing via certified mail, return receipt requested, achieved that purpose; so that there is no doubt regarding the fact of the mailing or the actual delivery of the letter in question to the defendant’s residence.
The question before the court is, rather, whether the receipt of the letter by someone other than the person charged (here, Mr. Russo, instead of Mr. McCarthy himself) invalidates the notice. It is undisputed that the notice was not personally served upon defendant; so that, if the receipt of the letter by Mr. Russo cannot be attributed to defendant, the notice requirement of the statute will not have been satisfied.
The portion of the statute dealing with mail service talks only about the “sending” of written notice; it does not refer to receipt of the notice. This may be purposeful, to prevent thwarting of service by the addressee’s refusal to sign the *266 return receipt. However, the court deems the intent of the statute to be that notice must be received by the accused, either in person or by appropriate agent.
To prove receipt, the People rely upon the presumption that a letter properly addressed to the addressee, stamped with sufficient postage and deposited in a mailbox or post office, is deemed to have been received by the addressee within a reasonable time thereafter. (Trusts & Guar. Co. v Barnhardt, 270 NY 350.) (See, also, Oregon S. S. Co. v Otis, 100 NY 446, dealing with telegrams.) The presumption is grounded upon the recognized probability that government officers, such as postal authorities, will perform their duties properly. (News Syndicate Co. v Gatti Paper Stock Corp., 256 NY 211.) The presumption is rebuttable; but definitive evidence that the letter was not actually received is required to defeat the presumption. (Aetna Ins. Co. of Hartford, Conn, v Millard, 25 AD2d 341; see, also, Matter of Greenspan, 43 AD2d 998.)
At bar, defendant has not offered any evidence to rebut the presumption. The People’s evidence, moreover, corroborated the facts of the mailing and of the receipt at defendant’s address. The only open issue, then, is whether the receipt by Mr. Russo constitutes a sufficient receipt on behalf of defendant to satisfy the statute. The court finds that it does under the facts of this case. Mr. Russo was a sufficient agent of defendant for the purpose of receiving the letter, regardless of whether he was defendant’s agent in other capacities and for other purposes.
There is no evidence that Mr. Russo was the express agent of the defendant, particularly for purposes of receiving notices such as the letter. The question here, rather, is whether an agency can be implied from the words and conduct of the parties in light of the surrounding circumstances. (2 NY Jur, Agency, § 24, p 207.)
The test of an implied agency is whether such an implication of authority “is * * * natural and reasonable” under the particular circumstances presented, and, if so, whether the principal “is responsible” for the circumstances giving rise to the implication. (Krstovic v Van Buren, 200 App Div 278, 284, revd 235 NY 96.) Moreover, if the circumstances *267 are sufficient to give rise to an implication of legal agency, such an implication is proper even if the parties did not understand their relationship to be an agency. (Rubenstein v Small, 273 App Div 102.) As explained in New York Jurisprudence (vol 2, Agency, § 24, p 207): “In some situations agency may be created by necessity, that is, the emergency arising from a particular situation making it necessary or proper for the agent to act without communication to him by the principal of sanction or authority to act.” (Accord Restatement, Agency, § 47.)
Mr. Russo’s acceptance of a letter addressed to defendant creates the natural inference that he was authorized to do so and that he gave the letter to defendant. The appearance or implication of Mr. Russo’s authority is reinforced by the other evidence placing him at defendant’s premises as a workman there during the year in question. Mr. Russo’s acceptance of the certified mail letter, and his signing of the receipt of the postal authorities, under these circumstances, was sufficient to shift the burden of going forward to the defendant. Defendant failed to rebut those inferences. Indeed his demonstrable failure to even attempt to do so convinces the court that he could not do so and that the inference created by Mr. Russo’s conduct is appropriate here.
The exigencies of the situation also favor this construction. The mailman with a certified RRR letter cannot always time the delivery to coincide with the presence of a particular person. He must be able, in the absence of express instructions to the contrary, to deliver it to an apparently authorized recipient for the addressee, provided of course he acts reasonably. When an apparently responsible person signs for and accepts a letter of that sort, without resistance, that conduct will generally, reasonably suggest authorization to do so. His acceptance of the letter should, as a minimum, require the addressee to disprove his authority to do so. More than a later denial of authorization to so act is required to disprove the agency in these circumstances.
Since defendant’s agent at bar received actual notice of the letter, having signed for and actually received it, defendant himself is deemed to have had actual notice of *268 the letter. A principal is deemed to have the same knowledge as his agent. (Hannon v Siegel-Cooper Co., 167 NY 244.)
For these reasons, the court denies the first portion of defendant’s motion for dismissal, and finds that defendant had sufficient notice and knowledge of the violations against him to be held guilty of the charges at bar.
II.
CONSTITUTIONALITY
The second portion of defendant’s motion relates to the sufficiency of the statute involved. Defendant argues that the statute is penal in nature and that, as such, it must give the accused an unequivocal warning before his conduct, where not malum in se, can result in loss of liberty or property. (People v Phyfe, 136 NY 554, 559.)
This general rule, defendant correctly contends, requires that the notice to him must provide explicit and objective legal standards, as well as the details of the allegedly prohibited conduct, so that the claimed violation can be readily determined by the defendant. (People v Cully Realty, 102 Misc 2d 557, 559, revd on other grounds 109 Misc 2d 169 [App Term, 2d Dept].) He cannot be expected or required to consult judicial authorities or scholarly treatises to determine whether his contemplated or past course of conduct is prohibited by a vague ordinance. (People v Cully Realty, supra, p 558.)
Defendant argues that the statute here (i.e., Building Zoning Ordinance, art 10, § 10.2 [B]), is so all-encompassing that “it constitutes a catch-all, permitting the Village to bring on any prosecution not set forth in any other portion of the ordinance.” Such a statute, he says, denies a defendant the information necessary to defend the action against him, rendering it unconstitutional, in violation of the due process requirements of the Fourteenth Amendment to the United States Constitution and section 6 of article I of the New York State Constitution.
The People disagree with the defendant’s description of the statute here. The People contend that the statute meets all constitutional requirements, plainly and clearly stating what the prohibited conduct is.
*269 The court agrees with defendant’s statement of the law, but with the People’s view of the sufficiency of the statute here. Accordingly, the second portion of defendant’s motion to dismiss is denied.
III.
In sum, defendant’s motion is denied in all respects. The court finds defendant guilty of all violations charged against him in counts Nos. 5 through 20 of the Building Zoning Ordinance information. The parties will be notified by the clerk of the appropriate date for sentencing.

 Defendant also argues that the letter is insufficient to give proper notification, because it failed to detail what the specific violations were and what the defendant had to do to correct them. The court disagrees. The statements in the letter which are quoted above were sufficient to satisfy any requirement of specificity in the notice.