■ GEORGES KAUFMAN, Appellant, v CITY OF NEW YORK, Respondent.—In an action, *inter alia,* for injunctive relief, the

plaintiff appeals from an order of the Supreme Court, Kings County (Bellard, J.), dated June 24, 1985, which, *inter alia,* granted the defendant's cross motion for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action for an order enjoining the defendant City of New York from selling at public auction a parcel of real property known as 910-912 Bedford Avenue, Brooklyn, and directing the defendant to permit the plaintiff to redeem that property.

On May 27, 1981, the city commenced an in rem proceeding to foreclose an unpaid tax lien on the property, and was granted a judgment of foreclosure on September 28, 1982.

In January 1983 the plaintiff submitted, pursuant to New York City Administrative Code former § D17-25.0 (now § 11-424), an application for release of the city's interest. The city accepted the application and mailed to the plaintiff's attorney a statement setting forth the amount of taxes due and demanding payment within 30 days *(see,* New York City Administrative Code § 11-424). The plaintiff thereafter advised the city that the statement was sent to an improper address and should have been mailed, as indicated on the application, to the plaintiff in care of his father. On May 2, 1984, a second statement was sent, by certified mail, to the address indicated.

When the plaintiff failed to remit payment within the 30-day time period set forth in the statement, the city, by letter dated June 6, 1984, advised the plaintiff that his application for release was denied.

The plaintiff concedes that he received the letter dated June 6, but claimed that he never received the statement of tax liability. He alleges that he advised the official in charge of release applications that he never received the second notice and that the official agreed to send yet a third statement.

Although no additional statement was ever received, the plaintiff took no further action until April 1985 when he learned that the property was to be put up for sale on April 17, 1985, at public auction. On or about that date, the plaintiff commenced the instant action for a judgment enjoining the city from selling the property and directing it to give plaintiff notice of the amount of taxes due and 30 days in which to make payment.

We agree with Special Term's finding that the relief sought by the plaintiff is obtainable in a proceeding pursuant to CPLR article 78, and that a four-month Statute of Limitations

applies *(see, Solomon v City of New York,* 94 AD2d 283; *see also, Matter of Sixteen Eighty W. 7th Corp. v Board of Estimate,* 109 AD2d 799; *Matter of Agar v Board of Estimate,* 52 Misc 2d 285). The statute began to run when the plaintiff's application for release was denied on June 6, 1984 *(see, Matter of Meliti v Nyquist,* 41 NY2d 183; *Matter of Filut v New York State Educ. Dept.,* 91 AD2d 722, *lv denied* 58 NY2d 609). Therefore, the plaintiff's action, which was not commenced until April 1985, is untimely.

The plaintiff's contention that the defendant's alleged agreement to send a third statement tolled the Statute of Limitations is without merit *(see, Matter of Cabrini Med. Center v Axelrod,* 107 AD2d 965; *Matter of Seidner v Town of Colonie, Bd. of Zoning Appeals,* 79 AD2d 751, *affd* 55 NY2d 613; *In Rem Tax Foreclosure Action No. 29,* 115 Misc 2d 663). Mangano, J. P., Thompson, Brown and Eiber, JJ., concur.