■ Angel Rosa et al., Respondents, v City of New York, Appellant.—In an action, inter alia, for a judgment declaring that the plaintiffs are the "rightful and true" owners of certain real property acquired by the defendant City of New York by in rem tax foreclosure, the defendant appeals from so much of an order of the Supreme Court, Kings County (Rader, J.), dated September 8, 1986, as denied its motion for summary judgment dismissing the complaint as time barred.

Ordered that the order is affirmed insofar as appealed from, with costs.

Prior to April 1983, the plaintiffs owned a parcel of real property located at 1072A Lafayette Avenue in Brooklyn. In May 1981 the City of New York commenced an in rem tax foreclosure action in the Supreme Court, Kings County, to foreclose on numerous tax delinquent parcels in Brooklyn. The subject property was included in the foreclosure action because of tax delinquency. During the pendency of the tax foreclosure action, the plaintiffs entered into an installment agreement for payment to the city of the delinquent taxes on the property. As a result of that agreement, the subject property was severed from the foreclosure action and was not included in a first partial judgment of foreclosure dated August 16, 1982.

On January 4, 1983, the plaintiffs received a letter from the city advising them that (1) they were in default on their agreement and (2) they had to make a payment of $3,394.58 "no later than 10 days from the date" of the letter, "by cash, certified check or money order". On Friday, January 14, 1983, at approximately 4:00 P.M., the plaintiffs brought the required amount in cash to the Department of Finance. However, their tender was rejected on the ground that it was the city's policy "not to accept cash after 4:00 P.M." The plaintiffs were told to get "money orders or cashier checks". On Monday, January 17, 1983, the plaintiffs returned with the money, but the city refused to accept it since it was tendered over 10 days after January 4, 1983.

On or about April 21, 1983, upon ex parte application by the city (see, Administrative Code of City of New York § 11-409 [g]), a supplemental judgment of foreclosure was entered in the tax foreclosure action against the subject property. Title to the subject property was conveyed to the city shortly thereafter.

In May 1983, the plaintiffs filed an application for release of the city's interest in the subject property, pursuant to Administrative Code of the City of New York § 11-424. By letter dated July 27, 1984, the plaintiffs were advised that their application for release of the property was approved and that the city's interest would be released to them upon their payment by August 27, 1984 of, *inter alia,* penalties in the amount of $500, and deficiency charges in the amount of $14,506.51 (see, Administrative Code § 11-424 [d] [2], [3]; [f], [g]).

The plaintiffs did not pay the amounts provided for in the city's letter dated July 27, 1984. Instead, they instituted the instant action against the city in August 1984, (1) to declare

that they were the "rightful and true owner(s)" of the property, (2) for "compensatory damages" and (3) for injunctive relief. The thrust of the complaint is contained in paragraphs 11 and 15 thereof where plaintiffs allege as follows:

"11. If it was *[sic]* not for the refusal of the City of New York to accept Plaintiff's cash payment on January 14, 1983, Plaintiff would not have defaulted on the making of the payment to the City of New York * * *

"15. The City of New York, by its procedures, negligence and bureaucracy is solely responsible for the costs that were allegedly created when they illegally took plaintiff's property."

In its answer, the city alleged, as an affirmative defense, that the action was barred by the Statute of Limitations. By order dated May 6, 1985, the Supreme Court, Kings County, granted the plaintiffs' motion for a preliminary injunction preventing the city from selling or otherwise disposing of the subject parcel.

The city thereafter moved for summary judgment dismissing the action as time barred on the ground that plaintiffs had failed to challenge the city's alleged wrongful refusal to accept their money on January 14, 1983, within four months of said occurrence, as required by CPLR 217.

By order dated September 8, 1986, the Supreme Court, Kings County, denied the city's motion. The court held that the four-month Statute of Limitations *(see,* CPLR 217) was applicable, but that it began to run on July 27, 1984, the date of the city's letter which proposed to release its interest in the property upon the plaintiffs' payment of, *inter alia,* penalties and deficiency charges. Since the instant action was commenced in August 1984, one month thereafter, the Supreme Court held that the action was timely commenced.

We agree with the result reached by the Supreme Court, Kings County, but not with its reasoning. If in fact the plaintiffs were challenging the accuracy of the figures contained in the city's letter dated July 27, 1984, then the four-month Statute of Limitations contained in CPLR 217 would be applicable in the case at bar and would run from July 27, 1984 *(see, Kaufman v City of New York,* 128 AD2d 592, *lv denied* 69 NY2d 612; *Solomon v City of New York,* 94 AD2d 283).* In that situation, however, the plaintiffs would have to pay all the outstanding charges listed in the city's letter before suit could be commenced *(see, Matter of Meadows v Commissioner, Div. of Real Prop.,* 139 AD2d 46). However, the plaintiffs in the instant action are not challenging the accu-

racy of the figures contained in the city's letter of July 27, 1984. Rather, the plaintiffs are alleging that the city wrongfully refused their timely tender of cash on January 14, 1983. As a consequence thereof, the plaintiffs allege that (1) a supplemental judgment of foreclosure was wrongfully entered by the city against their property and (2) title to their property was thereafter wrongfully conveyed to the city. Under these circumstances, the Statute of Limitations applicable to the instant action is two years from the date of the recording of the tax foreclosure deed conveying title to the city (Administrative Code § 11-412 [c]; *Matter of Tax Foreclosure No. 35,* 127 AD2d 220, *affd* 71 NY2d 863). Since the instant action was commenced within that two-year period, the city's motion for summary judgment dismissing the complaint as time barred was properly denied.

The city finally argues that the plaintiffs' action was barred by their failure "to comply with the notice of claim requirements of General Municipal Law § 50-i and 50-e". Since this issue was not raised in the city's motion before the Supreme Court, Kings County, it has not been preserved for appellate review. Mollen, P. J., Mangano, Brown and Kunzeman, JJ., concur.