■ LILY POND ENTERPRISES, INC., Appellant, v CITY OF NEW YORK, Respondent.—In an action, *inter alia,* for a judgment declaring the plaintiff to be the owner of two parcels of property and compelling the defendant City of New York to execute and deliver a deed thereto in favor of the plaintiff, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Richmond County (Leone, J.), dated April 22, 1988, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff is the former owner of two parcels of land situated in Richmond County which were acquired by the City of New York in an in rem tax foreclosure action in or about January 1977.

The plaintiff subsequently made application for discretionary release of the parcels pursuant to Administrative Code of the City of New York former § D17-25.0 (now § 11-424). The Board of Estimate approved the release pending the payment of certain sums, and the city's request for payment was sent via certified mail on September 27, 1977, to the address which the plaintiff in its application for release stated was the address to which all correspondence was to be sent. The certified letter was ultimately returned to the city after notice of its arrival was left at the plaintiff's address and it remained unclaimed at the post office. A notation on the envelope indicates that the city also sent a copy of the letter to the plaintiff via ordinary mail. The plaintiff failed to remit the amount owed within the statutory time period. Accordingly, in a letter dated March 6, 1978, the plaintiff was informed that the property would be sold at public auction for nonpayment of taxes.

The plaintiff claims that it never received any of the aforementioned correspondence and that it contacted the city in a vain attempt to discover the amounts due. On August 26, 1980, Dwight Anthony, a city employee, mistakenly accepted a check from the plaintiff for $4,132.22, after having erroneously represented to the plaintiff that it owed that amount. Acting without any authority to do so, he gave the plaintiff a handwritten note which stated that the money had been received and that the property would not be sold. Upon

subsequent review of his files, Anthony realized his error and returned the check. Upon learning that the subject property was to be sold at public auction in November 1980 the plaintiff commenced the instant action for a declaration that it was the owner of the property by service of a complaint dated November 18, 1980, in which it claimed to have expended more than $16,900 in improving the property in reliance on the promise contained in Anthony's note. The Supreme Court, Richmond County, granted the city's motion for summary judgment dismissing the complaint on the ground that the action was not timely commenced. We affirm.

Inasmuch as the relief sought by the plaintiff was obtainable in a proceeding pursuant to CPLR article 78, this action is time barred pursuant to CPLR 217 (see, *Kaufman v City of New York,* 128 AD2d 592, *lv denied* 69 NY2d 612). Furthermore, under the relevant provisions of the Administrative Code of the City of New York, any action to set aside a deed conveying title to the city must be commenced within two years of the date of the recording of the deed. As we have previously observed: "Administrative Code former § D17-12.0 (now § 11-412) creates the presumption that the tax foreclosure action and all proceedings therein and prior thereto, from and including the assessment of all lands affected and all notices required by law, were regular and in accordance with all provisions of law relating thereto. This presumption becomes conclusive two years after the date of the recording of the deed and, in effect, operates as a two-year Statute of Limitations (see, *In Rem Tax Foreclosure Action No. 29 Borough of Manhattan,* 115 Misc 2d 663, 671)" (*Matter of Tax Foreclosure No. 35,* 127 AD2d 220, 227-228, *affd* 71 NY2d 863). Accordingly, the instant action, which was commenced more than two years after the recording of the tax foreclosure deed, is clearly untimely on this basis as well.

The plaintiff urges, however, that the city should be equitably estopped from invoking the Statute of Limitations in this case. We disagree. It is well settled that policy considerations "foreclose estoppel against a governmental entity in all but the rarest cases" (*Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, 282, *rearg denied* 71 NY2d 995). Similarly, the bar of estoppel is not available "for the purpose of ratifying an administrative error" (*Morley v Arricale,* 66 NY2d 665, 667) absent exceptional circumstances which do not exist in the instant case. Where a municipal error has been made, estoppel cannot be invoked where "reasonable diligence" nevertheless would have disclosed the true state of affairs to a

"good-faith inquirer" *(Matter of Parkview Assocs. v City of New York, supra,* at 282). "An [o]wner may not sit idly by and then argue that the City is estopped to enforce the Statute of Limitations" *(see, In Rem Tax Foreclosure Action No. 29 Borough of Manhattan,* 115 Misc 2d 663). Furthermore, a property owner is charged with knowledge of the statutory provisions which affect the control or disposition of his property *(see, Sheehan v County of Suffolk,* 67 NY2d 52, 58, *cert denied sub nom. MacKechnie v County of Sullivan,* 478 US 1006).

Applying the foregoing principles to the circumstances presented in this case, we conclude that the application of the doctrine of estoppel against the city is unwarranted *(see, e.g., Matter of Parkview Assocs. v City of New York,* 71 NY2d 274, *supra).* Mollen, P. J., Kooper, Sullivan and Harwood, JJ., concur.