(October 15, 1999)

■ In the Matter of JOHN P. FLACH, Appellant, v FRANK DeBENEDICTUS et al., Constituting the Greene County Board of Elections, et al., Respondents. [696 NYS2d 562] —Per Curiam. Appeal from an order of the Supreme Court (Cobb, J.), entered October 8, 1999 in Greene County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare valid the certificate to designate a candidate to fill a vacancy naming petitioner as the Republican Party candidate for the public office of Supervisor of the Town of Coxsackie at the November 2, 1999 general election.

Following a caucus of the Republican Party in the Town of Coxsackie in Greene County, the incumbent Supervisor was nominated to seek reelection. Upon the Supervisor's decision to decline the nomination, the committee on vacancies met and decided to nominate petitioner as the party's candidate for Supervisor. Petitioner, who was one of the three members of the committee to fill vacancies, signed the certificate to designate a candidate to fill a vacancy in this capacity. He also executed his declination as a candidate for Town Council. Petitioner failed, however, to sign the required consent form (see, Election Law § 6-148 [5]) whereby the substituted candidate indicates his or her acceptance of the new nomination. Supreme Court dismissed this proceeding by petitioner to validate the certificate to fill a vacancy, giving rise to this appeal.

The sole issue for resolution on this appeal is whether petitioner's failure to sign the consent form required to be filed with the certificate to fill a vacancy is a fatal defect. Petitioner acknowledges that the purpose of the signature on the consent form is to insure that the substituted candidate has agreed to accept the nomination. Petitioner argues, however, that his

failure to sign the consent form should be excused in this case because he signed the certificate as a member of the committee on vacancies and signed his declination as a candidate for another Town office, thereby indicating his approval of his selection as the substituted candidate for the office of Town Supervisor. We cannot agree with petitioner.

Election Law § 6-148 (5) requires that a certificate to fill a vacancy shall have appended thereto the substituted candidate's "written consent to be so designated or nominated, duly acknowledged". In *Matter of Rhodes v Salerno* (57 NY2d 885), a certificate of acceptance under Election Law § 6-146 (1) which contained the candidate's signature was invalidated due to the absence of the required acknowledgement. Here, the result must be the same since the statute at issue requires compliance with "matters of prescribed content" (*Matter of Rhodes v Salerno*, 90 AD2d 587, *affd* 57 NY2d 885, *supra*) and the consent form lacks the signature of the substituted candidate. Accordingly, Supreme Court's order dismissing this proceeding upon finding the certificate invalid due to the failure of petitioner to execute the consent form is affirmed.

Mercure, J. P., Crew III, Peters, Carpinello and Graffeo, JJ., concur. Ordered that the order is affirmed, without costs.