**Darma DIAZ, Plaintiff,**

v.

**NEW YORK CITY BOARD OF ELECTIONS, et al., Defendants.**

**No. 04–CV–3836(ILG).**

United States District Court, E.D. New York.

Sept. 12, 2004.

B. Mitchell Alter, Alter & Barbaro, Esqs., Brooklyn, NY, for Plaintiff.

Gerald J. Dunbar, Brooklyn, NY, for Defendats.

### *MEMORANDUM AND ORDER*

GLASSER, District Judge.

The plaintiff has moved this Court for an Order that would direct the defendants to show cause why they should not be preliminarily enjoined to add her name to the ballot for election as a candidate for Female Member of the Democratic State Committee for the 54th Assembly District to be held on September 14, 2004.

Jurisdiction is predicated upon 42 U.S.C. § 1983, it being the plaintiff's claim that she was deprived of her rights under the Equal Protection Clause of the Fourteenth Amendment.

Oral argument having been heard, the plaintiff's motion for a preliminary injunction is denied for the reasons that follow.

### *FACTS*

The original candidate for Female Member of the Democratic State Committee for the 54th Assembly District, Nellie Santiago, withdrew her candidacy and filed a certificate of declination on July 19, 2004. Pl. Mem. 3. That declination triggered the application of New York Election Law § 6–148, which provides in substance that a vacancy resulting from a candidate's declination, death or disqualification may be filled by the newly designated or nominated candidate by filing a certificate indicating his or her name with the Committee to Fill Vacancies ("Committee"). N.Y. Elec. Law § 6–148 (2004). The provision of that statute specifically implicated on this motion and at its core is § 6–148(5), which provides that "the certificate designating a person to fill a vacancy in a designation or nomination shall have appended thereto his written consent to be so designated or nominated, duly acknowledged." N.Y.

Elec. Law § 6–148(5) (2004). In accordance with the statute, the Committee designated the plaintiff to fill the vacancy created by Ms. Santiago's declination and prepared the required Certificate of Substitution ("Certificate"), which, however, was fatally defective in that the plaintiff's "written consent to be so designated" was not appended to it. The Board of Elections (the "Board") declared her designation invalid and removed her name from the ballot. Def. Mem. 2–3; Richman Decl. ¶¶ 8–9.

The plaintiff alleges that the invalidity of the Certificate was determined by Steven Richman, the Board of Election's general counsel, and that she was not notified of it until after her opportunity for curing the defect passed. Compl. ¶¶ 6, 27; Diaz Decl. ¶ 20. The failure to notify her, she claims, was attributable to Mr. Richman who owed his position to the Democratic Organization of Kings County (the "Organization") which her candidacy opposed. Compl. ¶ 25. That relationship, she alleged, was the political motivation for notifying Jannitza Luna, a member of the Organization, of the defective designation and enabled her to oppose the plaintiff's request to be restored to the ballot. *Id.*; Pl. Mem. 8. The invalidity of the Certificate of designation is not disputed by the plaintiff. Pl. Mem. 6.

Sworn affidavits in opposition to the motion were submitted by Mr. Richman and by John LaRocca, who is Coordinator of the Candidate Records Unit of the Board. Mr. Richman declares as completely false the plaintiff's imagined sequence of events. He states that after plaintiff filed the Certificate with the Board on July 19, 2004, it was first examined by the Candidate Records Unit for facial validity and was found to be defective. Richman Decl. ¶ 9. Mr. Richman's first involvement with the matter was the Board's request for his opinion in response to an August 23, 2004 letter

from B. Mitchel Alter, Esq., plaintiff's counsel, addressed to the Board demanding that his client's name be restored to the ballot. Richman Decl. ¶ 12. Mr. Richman advised the Board that, as a matter of law, the Certificate was defective, and Mr. Alter's demand must be rejected. Richman Decl. ¶ 13. He adamantly denies any subservience to the Organization and notes that his appointment as general counsel was approved by the entire Board, five of whom were Republicans and five of whom were Democrats. Richman Decl. ¶ 6.

Mr. LaRocca declared that notice of the defect and her removal from the ballot was mailed to the plaintiff on August 4, 2004 at her given address. *See* LaRocca Decl. ¶ 5; Richman Decl. ¶¶ 11–12; *see also* Def. Mem. 3. Notice of a meeting called to entertain objections and defenses from candidates and their representatives was duly given and the plaintiff did not appear. Def. Mem. 3.

## DISCUSSION

### I. *New York Election Law § 6–148*

At issue in this case is the requirement under New York Election Law § 6–148(5) that "the certificate designating a person to fill a vacancy in a designation or nomination shall have appended thereto his written consent to be so designated or nominated, duly acknowledged." N.Y. Elec. Law § 6–148 (2004).

All parties acknowledge that plaintiff's failure to sign the Certificate of Substitution rendered the certificate invalid under § 6–148(5). *See* Pl. Mem. 6; Def. Mem. 2. Indeed, the cases that have addressed the issue compel that acknowledgment. *See, e.g., Flach v. De Benedictus,* 265 A.D.2d 670, 671, 696 N.Y.S.2d 562 (3d Dep't 1999) (holding that petitioner's failure to sign the consent form as a substituted candidate was a "fatal defect" and affirming the dis-

missal of petitioner's claim). *See also Farley v. Mahoney*, 115 A.D.2d 350, 496 N.Y.S.2d 382 (N.Y.App.Div.1985) (noting Board of Election would have been without jurisdiction to nominate candidate where the candidate failed to comply with § 6–148(5)); *Scott, Application of*, 277 A.D. 344, 345, 100 N.Y.S.2d 1 (3d Dep't 1950) (reversing order of Special Term directing Board of Elections to accept nominations despite noncompliance with section of Election Law requiring consent), *aff'd* 301 N.Y. 693, 95 N.E.2d 51 (1950). The sole remaining issue, therefore, is whether plaintiff was denied equal protection of the law by the Board's application of the election law and is, accordingly, entitled to a preliminary injunction directing the Board to add her name to the ballot in the upcoming election.

## II. Preliminary Injunction

■ Where a moving party seeks a preliminary injunction to stay " 'government action taken in the public interest pursuant to a statutory or regulatory scheme,' that party must show irreparable harm in the absence of an injunction and a likelihood of success on the merits." *Latino Officers Ass'n, New York, Inc. v. City of New York*, 196 F.3d 458, 462 (2d Cir.1999) (citing *New York Magazine v. Metropolitan Transp. Auth.*, 136 F.3d 123, 127 (2d Cir.1998)) (quoting *Jolly v. Coughlin*, 76 F.3d 468, 473 (2d Cir.1996)).

### A. Irreparable Harm

■ The plaintiff claims that she was denied the equal protection of the laws guaranteed by the Fourteenth Amendment of the United States Constitution by the alleged unequal application by the Board of Elections of its own rules and policies, thus denying her the right to access to the ballot. Pl. Mem. 7. That allegation and the presumption of irreparable harm to which it gives rise, *Conn. Dep't of Environmental Protection v. O.S.H.A.*, 356 F.3d 226,

231 (2d Cir.2004) (since "violations of constitutional rights are presumed irreparable, [the nature of the plaintiff's allegations] satisfies the requirement that [she] show irreparable injury") (citing *Elrod v. Burns*, 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed.2d 547 (1976); *Bery v. City of New York*, 97 F.3d 689, 694 (2d Cir.1996)), satisfies the first requirement for a preliminary injunction.

### B. Likelihood of Success on the Merits

■ The plaintiff's assertion of discrimination is an *ipse dixit* and nothing more. The attachment to Mr. LaRocca's affidavit is a notice from the Commissioners of Elections to the plaintiff, addressed to the street number and city she stated to be her home and which he swore he directed to be mailed. *See* LaRocca Decl. ¶ 5. Presumptively, a letter or notice properly addressed, stamped and mailed is delivered to its addressee. *See News Syndicate Co. v. Gatti Paper Stock Co.*, 256 N.Y. 211, 176 N.E. 169, 170 (1931); *Trusts & Guarantee Co. v. Barnhardt*, 270 N.Y. 350, 1 N.E.2d 459, 460 (1936). Therefore, it is presumed that plaintiff received the August 4, 2004 letter from the Commissioners notifying her of the defect in the Certificate and her removal from the ballot.

■ Plaintiff's unsupported claim beyond her mere allegation of discrimination is leveled against the Board of Elections evenly divided between Democrats and Republicans. She makes no claim nor even suggests that the Board acted intentionally or arbitrarily. Courts have held that "[i]t is well-established, at least under New York Election Law, that 'a § 1983 action to remedy errors in the election process allegedly violating the equal protection clause does not exist unless the state action constituted intentional or purposeful discrimination.' " *Dill v. Lake*

*Pleasant Central School Dist.,* 205 F.Supp.2d 24, 33 (N.D.N.Y.2002) (quoting *Gold v. Feinberg,* 101 F.3d 796, 800 (2d Cir.1996) (internal quotations omitted)). Where plaintiff is unable to demonstrate that defendant acted with intentional discrimination, "allegations of erroneous or arbitrary administration of state election laws ... are insufficient to establish a violation of the Equal Protection clause." *Gelb v. Bd. of Elections of City of New York,* 1998 WL 386440, at *3 (S.D.N.Y. 1998).

The court in *Berger v. Acito,* 457 F.Supp. 296 (S.D.N.Y.1978), denied plaintiffs' motion for a preliminary injunction in a similar context because they failed to sufficiently allege discrimination. There, plaintiff candidate procured a sufficient number of signatures for his petition, but fell short of the required number after objections were granted invalidating some signatures. Plaintiff was then dropped from the ballot. Plaintiff candidate (and some persons whose signatures were invalidated) challenged the constitutionality of sections of the New York Election Law requiring a certain number of petition signatures, arguing that candidates were deprived of the opportunity to be placed on the ballot and qualified voters, in turn, were precluded from voting. *Id.* at 298. The court denied plaintiffs' motion for a preliminary injunction because plaintiffs failed to show that the New York Board of Elections intentionally discriminated against them or acted arbitrarily in enforcing the requirement of petition signatures. *Id.* at 299–300.

■ As in *Berger,* plaintiff's allegations of discrimination fail to demonstrate a likelihood of success on the merits. Her assertions that Mr. Richman was motivated by "political considerations" to inform plaintiff's opposing candidate of the defect in the consent form fall short of establishing that Mr. Richman acted with intent to discriminate against plaintiff in processing her Certificate of Substitution. Furthermore, as in *Berger,* plaintiff has not shown that the application of § 6–148(5) in this instance was arbitrary. Her bare allegations are opposed by Mr. LaRocca's declaration, which states that defendants sent plaintiff a letter on August 4, 2004 notifying her that her name would not be placed on the ballot. *See* LaRocca Decl. ¶¶ 5–6.

Absent a showing of discriminatory intent on the part of the Board, the Court must deny plaintiff's motion for a preliminary injunction because she failed to show a likelihood of success on the merits. *See, e.g., Perry v. St. Pierre,* 518 F.2d 184, 186 (2d Cir.1975) (affirming denial of preliminary injunction where statute prohibiting police officers from soliciting votes did not deny plaintiff candidate equal protection by discriminating against that group). *See also Johnson v. Cuomo,* 595 F.Supp. 1126, 1131 (N.D.N.Y.1984) (rejecting challenge to signature requirements for nominating petitions under New York Election Law as unconstitutional barrier to ballot where plaintiffs failed to establish likelihood of success on the merits and denying preliminary injunction).

### CONCLUSION

For the reasons stated above, plaintiff's motion for a preliminary injunction is denied.

SO ORDERED.